UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ARDELL SMITH, | No. C 09-2381 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SAN QUENTIN STATE PRISON; et al., | |
| Defendants. | |

## INTRODUCTION

Kenneth Ardell Smith, a prisoner at the California Substance Abuse Treatment Facility in Corcoran, filed a pro se civil rights complaint. In his complaint, Smith alleges that he was falsely charged in a CDC-115 in 1998 about misconduct in a holding cell or on a bus. He also appears to complain that he should not have been released in 1998 to an area with which he was not familiar. He requests $65 million in damages. His complaint is now before the court for review because he requests leave to proceed as a pauper.

## DISCUSSION

The court must dismiss an in forma pauperis action at any time if the court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint fails to state a claim upon which relief may be granted. There are three specific problems with the complaint that make it necessary for plaintiff to file an amended complaint. First, the complaint does not state a claim upon which relief may be granted. He alleges that he was falsely charged in 1998, but false charges alone are not actionable under section 1983. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. See id. at 953. To the extent Smith claims that prison guards made false accusations against him, he does not state an actionable claim under § 1983. Leave to amend will be granted so that, if appropriate, he may attempt to allege a claim based on any procedural deficiencies in the disciplinary hearing, if he was subjected to any discipline.

Second, Smith has not properly identified a defendant. He listed the defendant as the "transportation officer day of release" in May 1998. Complaint, p. 2. If he wants to include this person as a defendant in his amended complaint, he must identify him by his true name and not merely by his job description. If plaintiff does not know the true names of the alleged wrongdoers, he may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe # 2 etc. He must amend to allege what each defendant (whether identified as a Doe defendant or by true name) did or failed to do that caused a violation of his federally-protected rights. Plaintiff is cautioned that, although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the identities of the unnamed defendants and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and addresses of unnamed defendants. Plaintiff will need to provide a true name and current

2

1  address for each defendant to be served.

2  Third, the complaint appears to be time-barred as it concerns incidents that occurred
3  eleven years ago. The limitations period for a section 1983 claim would be the 1-year
4  limitations period governing personal injury actions in California, plus up to two years of
5  tolling for the disability of imprisonment. See Elliott v. City of Union City, 25 F.3d 800,
6  802 (9th Cir. 1994); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); former Cal.
7  Civ. Proc. Code § 340(3) (one-year general residual statute of limitations for personal injury
8  actions); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period);
9  Cal. Civ. Proc. Code § 352.1 (disability of imprisonment may toll the statute for a maximum
10 of two years, but only as to claims for damages).

11 Although the statute of limitations is an affirmative defense that normally may not be
12 raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma
13 pauperis complaint where the defense is complete and obvious from the face of the pleadings
14 or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984).
15 That is the situation here: the defense appears complete and obvious from the face of the
16 complaint.

17 Plaintiff's claims concern events that occurred eleven years before the complaint was
18 filed and therefore appear to be time-barred. Although the statute of limitations is an
19 affirmative defense that normally may not be raised by the court sua sponte, it may be
20 grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is
21 complete and obvious from the face of the pleadings or the court's own records. See Franklin
22 v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the case here: the defense
23 appears complete and obvious from the face of the complaint. All of acts and omissions
24 giving rise to the claims took place in 1998 and the complaint has no explanation for the
25 extraordinary delay in pursuing the legal remedy. Leave to amend will be granted so that
26 Smith can attempt to allege facts showing why the claim is not time-barred.

27
28

**CONCLUSION**

The complaint is DISMISSED with leave to amend.  The amended complaint must be filed no later than **November 6, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 29, 2009

_____
Marilyn Hall Patel
United States District Judge

4